HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HARLEY MARINE SERVICES, INC., a Washington corporation; OLYMPIC TUG & BARGE, INC., a Washington corporation, PACIFIC COAST MARITIME, INC.<br><br>Plaintiffs,<br><br>v.<br><br>FATHOM MARINE, INC., a British Columbia corporation, FATHOM ENERGY, INC., an Alberta corporation,<br><br>Defendants. | IN ADMIRALTY<br><br>NO. 2:17-cv-00856-MJP<br><br>**STIPULATED PROTECTIVE ORDER** |

1.  PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

STIPULATED PROTECTIVE ORDER - 1
Case No. 2:17-cv-00856-MJP

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

2. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

   a.   Financial records of Fathom Marine, Inc. not designated as "Attorneys Eyes Only" material;

   b.   Financial records of Fathom Energy, Inc. not designated as "Attorneys Eyes Only" material.

   c.   Records of Transport Canada AMP actions against Fathom Marine, Inc. employees.

3. "ATTORNEYS EYES ONLY" MATERIAL

"Attorneys Eyes Only" material shall include the following documents and tangible things produced or otherwise exchanged:

Proprietary Information relating to highly sensitive financial information, including but not limited to, customer identification, sales terms and prices to specific customers or regarding specific transactions, information regarding profits, profit margins, salaries, credit line terms and usage, corporate resolutions, corporate minutes, and prospective marketing strategies.

4. SCOPE

The protections conferred by this agreement cover not only confidential and attorney eyes only material (as defined above), but also (1) any information copied or extracted from confidential and/or attorney eyes only material; (2) all copies, excerpts, summaries, or compilations of confidential and/or attorney eyes only material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential and/or attorney eyes only material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

5. **ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

    5.1    <u>Basic Principles</u>. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

    5.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

    (a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

    (c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d)    the court, court personnel, and court reporters and their staff;

    (e)    copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

STIPULATED PROTECTIVE ORDER - 3
Case No. 2:17-cv-00856-MJP

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

5.3 Filing Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

6. ACCESS TO AND USE OF ATTORNEYS EYE ONLY MATERIAL

6.1 Basic Principles. A receiving party's attorney may use attorney eyes only material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Attorney eyes only material may be disclosed only to the categories of persons and under the conditions described in this agreement. Attorney eyes only material must be stored and maintained by a receiving party's attorney at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

6.2 Disclosure of "ATTORNEY EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party's attorney may disclose any attorney eyes only material only to:

STIPULATED PROTECTIVE ORDER - 4
Case No. 2:17-cv-00856-MJP

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the court, court personnel, and court reporters and their staff;

(d) copy or imaging services retained by counsel to assist in the duplication of attorney eyes only material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any attorney eyes only material to anyone and to immediately return all originals and copies of any attorney eyes only material;

(e) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal attorney eyes only material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

6.3 <u>Filing Attorney eyes only Material</u>. Before filing attorney eyes only material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the attorney eyes only designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

7. DESIGNATING PROTECTED MATERIAL

   7.1   **Exercise of Restraint and Care in Designating Material for Protection.** Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

   Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

   If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

   7.2   **Manner and Timing of Designations.** Except as otherwise provided in this agreement (see, e.g., second paragraph of section 7.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

   (a)   **Information in documentary form:** (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or "ATTORNEY EYES ONLY" (as applicable) to each page that contains confidential or attorney eyes only material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

STIPULATED PROTECTIVE ORDER - 6
Case No. 2:17-cv-00856-MJP

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential or attorney eyes only. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "ATTORNEY EYES ONLY" as applicable. If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

7.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

8. <u>CHALLENGING DESIGNATIONS</u>

8.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality or attorneys eyes only at any time. Unless a prompt challenge to a designating party's designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a designation by electing not to mount a challenge promptly after the original designation is disclosed.

STIPULATED PROTECTIVE ORDER - 7
Case No. 2:17-cv-00856-MJP

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

8.2  Meet and Confer. The parties must make every attempt to resolve any dispute regarding designations without court involvement. Any motion regarding designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

8.3  Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain the applicable designation under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question in compliance with its designation until the court rules on the challenge.

9. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY," that party must:

(a)  promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

STIPULATED PROTECTIVE ORDER - 8
Case No. 2:17-cv-00856-MJP

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose designated material may be affected.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential or attorneys eyes only material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

12. NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential and/or attorneys eyes only material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential or attorneys eyes only material.

The obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

13. **DOCUMENTS PREVIOUSLY PRODUCED OR RECEIVED OUTSIDE DISCOVERY PROCESS**

Nothing in this Protective Order shall be construed in any way to control the use, dissemination, publication or disposition by a party (a) of documents or information existing in the files of that party, as a result of previous discovery, prior to the date of the Protective Order, or (b) of documents or information received at any time by that party outside the course of the discovery process in this litigation. The confidential or privileged status, if any, of such documents or information shall be determined without respect to this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: March 29, 2018

/s/ Thomas G. Waller
Thomas G. Waller, WSBA No. 22963

/s/ Mark A. Krisher
Mark A. Krisher, WSBA No. 39314

/s/ Robert D. Sykes
Robert D. Sykes, WSBA No. 49635
*Attorneys for Plaintiffs Olympic Tug & Barge, Inc. and Harley Marine Services, Inc.*

DATED: March 29, 2018

/s/ Christopher W. Nicoll
Christopher W. Nicoll, WSBA No. 20771

/s/ Chris P. Reilly
Chris P. Reilly, WSBA No. 25585
*Attorneys for Defendants Fathom Marine, Inc. and Fathom Energy, Inc.*

STIPULATED PROTECTIVE ORDER - 10
Case No. 2:17-cv-00856-MJP

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: *March 29, 2018*

_____
The Honorable Marsha J. Pechman
United States District Court Judge

STIPULATED PROTECTIVE ORDER - 11
Case No. 2:17-cv-00856-MJP

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Harley Marine Services, Inc., et al. v. Fathom Marine, Inc., et al.*, Case no. 2:17-cv-00856-MJP. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____

# DECLARATION OF SERVICE

I, Christopher W. Nicoll, hereby declare and state as follows:

I am a citizen of the United States and a resident of Seattle, Washington; I am over the age of eighteen years and not a party to the within action; my business address is Nicoll Black & Feig PLLC, 1325 Fourth Avenue, Suite 1650, Seattle, WA 98101.

On the date set forth below, I caused to be served:

- **STIPULATED PROTECTIVE ORDER**

in the within matter by arranging for a copy to be delivered on the interested parties in said action, in the manner described below, addressed as follows

| | |
|---|---|
| Thomas G. Waller<br>Mark A. Krisher<br>Robert D. Sykes<br>BAUER MOYNIHAN & JOHNSON LLP<br>2101 Fourth Avenue, Suite 2400<br>Seattle, WA 98121<br>Telephone: (206) 443-3400<br>Fax: (206) 448-9076<br>E-mail: tgwaller@bmjlaw.com<br>E-mail: makrisher@bmjlaw.com<br>E-mail: rsykes@bmjlaw.com<br>*Attorneys for Plaintiffs Olympic Tug & Barge, Inc. and Harley Marine Services, Inc.* | ☐ HAND DELIVERY<br>☐ E-MAIL<br>☐ U.S. MAIL<br>☒ ECF |

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on March 29, 2018, at Seattle, Washington.

/s/ Christopher W. Nicoll
Christopher W. Nicoll, WSBA No. 20771

STIPULATED PROTECTIVE ORDER - 13
Case No. 2:17-cv-00856-MJP

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515