THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HARLEY MARINE SERVICES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> FATHOM MARINE, INC., et al., <br><br> Defendants. | IN ADMIRALTY <br><br> NO. 2:17-cv-00856-MJP <br><br> AMENDED STIPULATION AND PROPOSED ORDER |

## **AMENDED STIPULATION**

The parties respectfully submit this *Amended Stipulation and Proposed Order to Amend the Trial Schedule*, in response to the Court's denial (*Dkt. 41*) of the original *Stipulation* of June 18, 2018 (*Dkt. 40*). By mediating the underlying dispute on July 13, the parties are attempting to fulfill the requirements of Fed.R.Civ.P. 1: resolving this case in a "just, speedy, and inexpensive" manner.

As in their original Stipulation, the parties seek to shift only three dates: (1) the deadline for the disclosure of expert witness reports; (2) the close of discovery; and (3) the deadline for any motions pertaining to discovery. Moreover, the parties are seeking to move the discovery and disclosure dates by only (approximately) one month. These dates are internal scheduling deadlines impacting the parties that will not disturb or involve the Court. The parties do not anticipate filing discovery motions, nor do they anticipate requiring Court involvement in the

1 disclosure of expert witness reports. The trial date, and all related pre-trial deadlines, remain
2 undisturbed.

3     The parties believe this minimal, one-month extension of disclosure deadlines is
4 appropriate in order to facilitate the planned July 13 mediation. The parties believe the scheduled
5 mediation provides the last, best opportunity to resolve this case short of trial. Mediation thus
6 represents the best chance of a "just, speedy, and inexpensive" resolution. Fed.R.Civ.P. 1.

7     The Court admonished the parties that "[m]ediation is not required and can take place at
8 any time." *Dkt. 41*. What the Court did not know, because the parties neglected to mention it, is
9 that the planned July 13 mediation cannot take place at any time, because it will not merely
10 involve plaintiffs and defendants. Rather, the mediation will involve plaintiffs, defendants, and
11 two international, non-party insurance interests from The Shipowner's Club—a London-based
12 insurer who provided both P&I and pollution coverage for plaintiffs and defendants. In addition
13 to this, negotiations are ongoing with Royal Sun Alliance, plaintiffs and defendants' Vancouver,
14 British Columbia-based hull insurer. Payments from these insurance interests may resolve all, or
15 (at a minimum) a substantial part, of the underlying dispute. Coordinating settlement efforts with
16 these international insurers has proven quite difficult. July 13 is the only date that worked for all
17 parties necessary for the mediation. Thus, mediation cannot take place at any time, and the only
18 time that the parties can reasonably engage in such efforts is July 13.

19     Involving these international insurance interests has not only proven difficult but also has
20 required the parties to direct efforts towards letter-writing campaigns, coverage analysis, and
21 policy interpretation. This has necessarily interfered with the parties' ability to retain experts
22 while concurrently raising the issue of whether or not such expert witnesses will be necessary.
23 Again, the parties are seeking to focus their efforts on what is most likely to resolve this multi-
24 party litigation in a "just, speedy, and inexpensive" manner. Fed.R.Civ.P. 1. With the insurance
25 interests now fully engaged, the parties believe that spending tens of thousands of dollars on
26 retaining and disclosing experts, who may be wholly unnecessary, is neither just nor inexpensive.

1      Even if mediation on July 13 does not result in a settlement of all pending claims, it could 2 result in a partial settlement of discrete claims. If that occurs, the scope of the potential expert 3 opinions needed may dramatically decrease. The efficiencies realized by such a decrease are 4 further justification for a brief delay in the disclosure until after mediation.

5      The parties have not simply disregarded the Court's case schedule. Some experts and 6 their reports have already been retained and disclosed. *See, e.g., Reports of Captain Emmel, Dkts.* 7 *32; 32-1-32-6*. Additionally, four depositions of the parties' corporate officers, three of which 8 lasted over 7 hours, have already taken place. Over 20,000 pages of documents have been 9 exchanged in discovery. A motion for partial summary judgment has been fully briefed and 10 submitted. The parties have not neglected the current case schedule. They are simply requesting 11 one month of additional time to retain and disclose additional expert opinions and conduct 12 discovery related thereto.

13      Finally, though the Court is correct in indicating that mediation is not required, ADR is 14 "encourage[d] and promote[d]" by the Court's local rules and federal statute. LCR 39.1(a)(1); 28 15 U.S.C. § 651, *et seq*. As mentioned, mediation represents the last, best hope for the parties to 16 resolve this matter without a full trial. It will involve the coordination of multiple, international 17 insurance interests. Preparation for mediation will also involve complex insurance issues not 18 directly relevant to the issues presented in this lawsuit. Additional time the parties can spend 19 preparing for mediation—rather than focusing on coordinating potentially unnecessary expert 20 opinions—will prove crucial in reaching the parties' mutual goal of a partial or global resolution 21 of the pending claims in a just and inexpensive manner. Fed.R.Civ.P. 1.

22      The parties believe the foregoing demonstrates the "good cause" necessary for this 23 minimal extension of disclosure deadlines. LCR 16(b)(5).

24      The Court has asked for a "plan for meeting the revised deadlines." *Dkt. 41*. The plan is 25 simple. The parties will disclose experts for their cases-in-chief no later than July 20, 2018. 26 Numerous experts have already been contacted, and, as mentioned above, some reports have

AMENDED STIPULATION AND ORDER - 3
Case. No. 2:17-cv-00856-MJP

already been exchanged. July 20 will be the hard deadline for such expert disclosures and the parties do not plan to request any further extension. Because rebuttal experts could be disclosed as late as August 19 (Fed.R.Civ.P. 26(b)(2)(D)(ii)), the parties would need a short amount of additional time to depose any such experts, justifying moving the discovery cutoff date from August 17 to September 21. The discovery motion deadline is simply extended to match these deadlines—from July 18 to September 21.

Accordingly, the parties respectfully request that the Court reconsider the stipulated motion to amend the deadlines for disclosure of expert witness reports, the completion of discovery, and the deadline for bringing any discovery motions as follows:

| EVENT | CURRENT DATE | PROPOSED DATE |
|---|---|---|
| Bench Trial | January 14, 2019 | No change |
| Deadline to Join Additional Parties | September 14, 2017 | No change |
| Deadline for amending pleadings | March 12, 2018 | No change |
| Report from expert witness under FRCP 26(a)(2) due | June 18, 2018 | Friday, July 20, 2018 |
| All motions related to discovery must be filed and noted on the motion calendared no later than the | July 18, 2018 | Friday, September 21, 2018 |

| | | |
|---|---|---|
| third Friday thereafter (See LCR 7(d)) | | |
| Discovery completed | August 17, 2018 | Friday, September 21, 2018 |
| All dispositive motions must be filed and noted on the motion calendar no later than the fourth Friday thereafter (see LCR 7(d)) | September 17, 2018 | No change |
| All motions in limine must be filed by and note on the motion calendar no later than the Friday before the Pretrial Conference. (See LCR 7(d)(4)) | December 10, 2018 | No change |
| Agreed pretrial order due | January 2, 2019 | No change |
| Trial briefs and proposed findings of fact and conclusions of law, and designations of deposition | January 2, 2019 | No change |

| | | | |
|---|---|---|---|
| testimony pursuant to CR 32(e) | | | |
| | | | |
| Pretrial conference to be held | January 7, 2019 at 1:30 P.M. | | No change |

DATED this Thursday, June 21, 2018.

                BAUER MOYNIHAN & JOHNSON LLP

                s/Thomas Waller
                Thomas G. Waller, WSBA No. 22963
                s/Mark Krisher
                Mark A. Krisher, WSBA No. 39314
                s/Robert Sykes
                Robert D. Sykes, WSBA No. 49635
                Attorneys for plaintiffs
                Bauer Moynihan & Johnson LLP
                2101 Fourth Avenue, Suite 2400
                Seattle, WA 98121
                Telephone: (206) 443-3400
                Fax: (206) 448-9076
                E-mail: tgwaller@bmjlaw.com
                E-mail: makrisher@bmjlaw.com
                E-mail: rsykes@bmjlaw.com

DATED this Thursday, June 21, 2018.

                NICOLL BLACK & FEIG, PLLC

                s/Chris Nicoll (by e-mail authority)
                Christopher Nicoll, WSBA No. 20771
                Chris Reilly, WSBA No. 25585
                Attorneys for defendants
                1325 Fourth Avenue, Suite 1650
                Seattle, WA 98101
                Tel: 206.838.7555
                E-mail: cnicoll@nicollblack.com
                E-mail:creilly@nicollblack.com

## ORDER

The Court having reviewed the parties' stipulation, the Court finds good cause to amend the current trial schedule, and hereby amends its previous *Order* (*Dkt. 12*) as follows:

| EVENT | CURRENT DATE | PROPOSED DATE |
|---|---|---|
| Bench Trial | January 14, 2019 | No change |
| Deadline to Join Additional Parties | September 14, 2017 | No change |
| Deadline for amending pleadings | March 12, 2018 | No change |
| Report from expert witness under FRCP 26(a)(2) due | June 18, 2018 | Friday, July 20, 2018 |
| All motions related to discovery must be filed and noted on the motion calendared no later than the third Friday thereafter (See LCR 7(d)) | July 18, 2018 | Friday, September 21, 2018 |
| Discovery completed | August 17, 2018 | Friday, September 21, 2018 |

| | | | |
|---|---|---|---|
| | All dispositive motions must be filed and noted on the motion calendar no later than the fourth Friday thereafter (see LCR 7(d)) | September 17, 2018 | No change |
| | All motions in limine must be filed by and note on the motion calendar no later than the Friday before the Pretrial Conference. (See LCR 7(d)(4)) | December 10, 2018 | No change |
| | Agreed pretrial order due | January 2, 2019 | No change |
| | Trial briefs and proposed findings of fact and conclusions of law, and designations of deposition testimony pursuant to CR 32(e) | January 2, 2019 | No change |
| | Pretrial conference to be held | January 7, 2019 at 1:30 P.M. | No change |

Dated this 21st of June, 2018.

The Honorable Marsha J. Pechman
United States Senior District Court Judge

# CERTIFICATE OF SERVICE

I declare under penalty of perjury of the laws of the State of Washington that on June 21, 2018, I served the preceding document to the below addressees via the Court's ECF system and by the additional methods indicated below:

Nicoll Black & Feig, PLLC
Christopher Nicoll
Chris Reilly
1325 Fourth Avenue, Suite 1650
Seattle, WA 98101
Tel: 206.838.7555
E-mail: cnicoll@nicollblack.com
creilly@nicollblack.com

By:
[ ] MAIL
[ ] FACSIMILE
[ ] HAND DELIVERY
[ ] EMAIL

/s/ Kendrick Chan
Kendrick Chan
E-mail: kchan@bmjlaw.com